O’NIELL, J.
The plaintiff sued for damages in the sum of $8,802.50, alleged to have been caused by the illegal issuance of a writ of attachment. Judgment was rendered in his favor for $71.40; that is, for $50 attor *309 ney’s fees incurred in the defense of the attachment suit, and $21.40 for traveling expenses incurred in that way. The plaintiff prosecutes this appeal. In his brief, filed in this court, he has virtually abandoned two of the items claimed in his petition; that is, $2,500 for loss of credit, and a like amount for punitive or exemplary damages. He prays that the judgment be increased to $3,802.55, by allowing the following claims that were rejected by the district -court, viz.: Twenty-five dollars paid as part of the purchase price of an ox, for which he says he had no use after his property was seized under the writ of attachment; $16 lost on a ton of hay, and $15.75 lost on 20 sacks of other feed, for which he says he had no use after the seizure of his property under the writ of attachment; $1,580 for the loss of the profit which he expected to make on a contract for the sale and delivery of 1,000 cords of wood to the Carrollton Excelsior & Fuel Company; $735 for the loss of the profit which he expected to make on a contract for the purchase of 420 cords of wood from W. B. Lancaster; $230 for 5 oxen, with yokes, tongues, and chains, seized under the writ of attachment; $225 for a 30 horse power boiler, and $199.40 for an eight-wheel wagon, also seized under the writ of attachment; $500 for loss on sundry appurtenances connected with the plaintiff’s wood mill; $30 for a steam pump, $75 for a car, and $100 for a stable tent.
The suit in which the writ of attachment issued was an action on an open account for $50.32, against the plaintiff and his brother, Joseph Vives, who were sued as commercial partners. They did not move to dissolve the writ of attachment, or to release on bond the property seized. That suit was tried on its merits. The district court held that the debt was contracted by Joseph Vives individually, that the defendants were not partners, and that the present plaintiff was not liable for the debt. As an incident of the judgment rejecting the demand against the present plaintiff, as a defendant in that suit, the writ of attachment was dissolved. There was no appeal from the judgment rendered in that case. The only property seized under the writ of attachment were the five oxen with yokes, tongues, and chains, the eight-wheel wagon, and the 30 horse power boiler, for all of which the plaintiff claims damages in the sum of $654.40, as stated above. It appears that the property seized was sold by the sheriff, pursuant to an agreement entered into between the parties to the attachment suit, and realized only $100. The Carrollton Excelsior & Fuel Company had filed a petition of intervention or third opposition in the attachment suit before the property was sold, claiming the vendor’s lien on the property, and in accordance with the judgment rendered in that suit the $100, proceeds of the sale of the property seized, was paid over to the intervener or third opponent and credited on the debt due by the present plaintiff. Thereafter the Carrollton Excelsior & Fuel Company instituted executory proceedings for the balance of the debt secured by the vendor’s lien on the wood mill belonging to the present plaintiff, and had the property seized and sold in satisfaction, or part satisfaction, of the debt.
There is no proof that the property sold by the sheriff was sacrificed; and, as the plaintiff in this suit got credit for the proceeds of the sale, he has no claim for damages on that score.
The demand for $1,580 for the failure to realize the prospective profit on the contract for the sale of 1,000 cords of wood to the Carrollton Excelsior & Fuel Company, and that for $735 for the failure to realize the prospective profit on 420 cords of wood purchased from W. B. Lancaster, are not well founded or supported by the evidence. The wood mill that belonged to the plaintiff in *311 this suit had been shut down and was net a going concern during a period of nearly a year preceding the filing of the attachment suit. The business had been conducted by the plaintiff’s brother, Joseph Yives, and had proved so unprofitable that the plaintiff had turned the mill over to him to operate for his own account. There is no evidence that the present plaintiff had any intention of resuming or taking over the business for his own account. He had not paid anything on the purchase price of the property he bought from the Carrollton Excelsior & Fuel Company, nor for the 420 cords of wood which he had agreed to purchase from W. B. Lancaster. The preponderance of evidence is to the effect that there would have been no profit, either in the contract for the sale of the 1,000 cords of wood to the Carrollton Excelsior & Fuel Company or in the contract for the purchase of the 420 cords of wood from W. B. Lancaster, if the plaintiff had carried out the contracts. As to both of these items of damage claimed, the judgment of the district court is correct.
As to the item of $25 cash paid on the purchase price of an ox, the item of $16 for loss on a ton of hay, and $15.75 for loss on other feed, the evidence is unsatisfactory. There is no proof or evidence that the plaintiff would have paid the balance of $20, due on. The purchase price of the ox, if the attachment had not issued, or that it would have been to his advantage to have paid it. The hay and other feed was not seized under the writ of attachment, and there is no proof that the plaintiff in this suit lost anything on it.
The alleged loss of $500 for sundry appurtenances connected with the mill, that of $30 for a steam pump, $75 for a ear, and $100 for a stable tent, are not borne out by the evidence. The alleged sundry appurtenances are not identified by the testimony in this case. The steam pump, car, and stable tent were not seized under the writ of attachment; and there is no proof that the plaintiff in this suit lost anything on the value of them by reason of the attachment. It is true, those articles were afterwards seized by the Carrollton Excelsior & Fuel Company in the executory proceedings; but there is no proof nor reason to infer that the executory proceedings would not have been instituted if the attachment suit had not been filed, especially as the debt secured by the vendor’s lien was past due, and nothing had been paid upon it when the attachment suit was filed by the present defendant.
The learned counsel for the defendant contend that the plaintiff is not entitled to any damages, because the evidence shows that the defendant in this suit, as plaintiff in the attachment suit, acted in good faith, on probable cause and reasonable grounds, in praying for and obtaining the writ of attachment. They rely upon the doctrine announced in Harvey v. Gartner, 136 La. 411, 67 South. 197, Ann. Cas. 1916D, 900 (on rehearing), that the dissolution of a conservatory writ does not give rise to an action for damages in favor of the defendant in the suit if the plaintiff acted in good faith, on reasonable grounds, and with probable cause for the issuance of the writ. We find it unnecessary to consider that question in this case. The defendant has not filed an answer, to the appeal, and is therefore not entitled to, and is not asking for, a reduction of the amount of the judgment. Pretermitting the question of good or bad faith, or probable cause or reasonable grounds, vel non, for the issuance of the writ of attachment, and the question of law presented, our conclusion is that the plaintiff is not entitled to more damages than he is allowed in the judgment appealed from; and, as the appellee has not prayed for an amendment of the judgment, it must be affirmed.
It would require much stronger evidence *313 than this record contains to convince ns that an attachment suit for only $50.32 could have such a far-reaching effect and such damaging consequences as are alleged in the plaintiff’s petition.
The judgment appealed from is affirmed, at the cost of the appellant.
His honor the Chief Justice takes no part.